16-3112
United States v. Grecco, et. al

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          RICHARD C. WESLEY,
                    Circuit Judges,
          EDWARD R. KORMAN,
                    District Judge.*

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                    16-3112

---

*    Judge Edward R. Korman, District Court Judge for the United States District Court for the Eastern District of New York, sitting by designation.

1

**ANTHONY GRECCO,**
          **Defendant-Appellant,**

**SEAN INGRAM, ANDREA BEATTY,**
          **Defendants.**

- - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    Harry Sandick (Jared S. Buszin, <u>on</u>
                                  <u>the brief</u>), Patterson Belknap Webb &
                                  Tyler LLP, New York, NY.

FOR APPELLEE:                     George D. Turner (Michael Gerber,
                                  Scott Hartman, and Sarah K. Eddy,
                                  <u>on the brief</u>), Assistant United States
                                  Attorneys, <u>for</u> Geoffrey S. Berman,
                                  United States Attorney for the
                                  Southern District of New York, New
                                  York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Anthony Grecco appeals from an August 23, 2016 judgment of conviction for, <u>inter alia</u>, traveling interstate with the intent to commit a crime of violence (murder) in furtherance of drug trafficking, in violation of 18 U.S.C. § 1952.   Grecco argues on appeal that his convictions should be vacated and the case remanded because the district court: (1) violated his Confrontation Clause rights by admitting into evidence an autopsy report prepared by a medical examiner who did not testify at trial, while allowing a different medical examiner who was not involved in the autopsy to opine on its

2

findings; (2) excluded critical testimony as hearsay; (3) failed to conduct a sufficient inquiry into juror misconduct; and (4) committed cumulative errors. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** The autopsy report admitted into evidence on the murder victim (Ryan Ennis) was prepared by a Westchester County medical examiner who did not testify at trial. Instead, Dr. James Gill (the Chief Medical Examiner for Connecticut), who was not involved in drafting the autopsy report, was allowed to offer an opinion on the manner and timing of Ennis' death. Grecco argues that admitting this evidence violated his Confrontation Clause rights because, given the state of Ennis' body, any reasonable medical examiner would know that their autopsy report would be used in a criminal investigation and prosecution--making it testimonial. The improper admission of the autopsy report allegedly prejudiced Grecco by bolstering the credibility of two government witnesses, and by tying Grecco to the cause of Ennis' death.

The government responds that the autopsy report was not testimonial because its primary purpose is not law enforcement related; rather, medical examiners in Westchester County are required under the County Administrative Code to provide an autopsy report to the Medical Examiner's Office whenever a death is due to a variety of causes, many of which would not require investigation by law enforcement, let alone prosecution. The government also argues that any error would have been harmless.

The Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004). The question is whether the autopsy report was testimonial in nature, or a business record that is therefore not subject to Confrontation Clause requirements. See Fed. R. Evid. 803(6). In this Circuit, we consider whether such a document was "made with the primary purpose of creating a record for use at a later criminal trial." United States v. James, 712 F.3d 79, 96 (2d Cir. 2013). Therefore,

3

a laboratory analysis is testimonial if the circumstances under which the analysis was prepared, viewed objectively, establish that the primary purpose of a reasonable analyst in the declarant's position would have been to create a record for use at a later criminal trial.

Id. at 94.   We review preserved Confrontation Clause violations claims, such as this, for harmless error.   See United States v. Lee, 549 F.3d 84, 89 (2d Cir. 2008).

Because any error in admitting the autopsy report was harmless, we need not decide whether the evidence was testimonial or a business record. Erroneously admitted evidence is harmless if it "was unimportant in relation to everything else the jury considered on the issue in question."   Cameron v. City of New York, 598 F.3d 50, 61 (2d Cir. 2010) (internal citation omitted).   To make this determination, we consider factors such "as whether the testimony bore on an issue that is plainly critical to the jury's decision, whether that testimony was material to the establishment of the critical fact or whether it was instead corroborated and cumulative, and whether the wrongly admitted evidence was emphasized in arguments to the jury."   Id. (internal citation omitted).

First, Dr. Gill's testimony as to the time of death did not aid the government.   True, Gill testified that his findings as to the time of death were consistent with Ennis being murdered on the night of August 26, 2014, when Grecco admitted to seeing Ennis; but Gill testified that his findings were equally consistent with Ennis having died the next morning, which is when Grecco alleged that co-defendant Sean Ingram murdered Ennis.   Second, Dr. Gill's testimony was not important to the question of whether Ennis died of a knife wound; the prosecution provided the jury with photographic evidence of puncture wounds to Ennis' body, and a large gash across his neck, making it obvious that he died as a result of knife wounds.   Third, the amount of other evidence in the case against Grecco created such a strong record that excluding the autopsy report would not have altered the verdict.

**2.**      The district court excluded as hearsay the defendant's testimony that co-defendant Sean Ingram confessed that he committed the Ennis murder, and that Ingram made threats which caused Grecco's conduct to appear suspicious.

4

Grecco offered the out-of-court statement by Ingram to show the intimidating effect it had on his mind, not for the truth of the matter asserted. Grecco argues that he was prejudiced by the exclusion of this statement because he could not rebut damaging evidence against him, such as Ryan Wyckoff's testimony regarding Grecco's discussion with him about Ennis.

Hearsay is an out of court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay statements are generally inadmissible unless an exception to their prohibition applies. Fed. R. Evid. 802. However, an out of court statement offered to demonstrate its effect on a witness' state of mind is not hearsay. See United States v. Detrich, 865 F.2d 17, 21 (2d Cir. 1988). Yet "the mere identification of a relevant non-hearsay use of such evidence is insufficient to justify its admission if the jury is likely to consider the statement for the truth of what was stated with significant resultant prejudice." United States v. Reyes, 18 F.3d 65, 70 (2d Cir. 1994). A district court must therefore weigh the relevance of the non-hearsay purpose against the potential of the evidence to prejudice the jury:

> [1] Does the background or state of mind evidence [bear upon] the defendant's guilt? [2] If so, how important is it to the jury's understanding of the issues?
> [3] Can the needed explanation of background or state of mind be adequately communicated by other less prejudicial evidence or by instructions? [4] Has the [adversary] engaged in a tactic that justifiably opens the door to such evidence to avoid prejudice . . .

Id. (footnote omitted). As to prejudice, we consider questions such as:

> [1] Does the declaration address an important disputed issue in the trial? Is the same information shown by other uncontested evidence? [2] Was the statement made by a knowledgeable declarant so that it is likely to be credited by the jury? [3] Will the declarant testify at trial, thus rendering him available for cross-examination? If so, will he testify to the same effect as the out-of-court statement? Is the out-of-court statement admissible in any event as a prior consistent,

5

or inconsistent, statement? [4] Can curative or limiting instructions effectively protect against misuse or prejudice?

Id. at 70–71 (footnote omitted).

"We review a district court's rulings on the admissibility of trial evidence for abuse of discretion."  United States v. Fazio, 770 F.3d 160, 165 (2d Cir. 2014). "We accord great deference to a district court in ruling as to the relevancy and unfair prejudice of proffered evidence, mindful that it sees the witnesses, the parties, the jurors, and the attorneys, and is thus in a superior position to evaluate the likely impact of the evidence."  United States v. Paulino, 445 F.3d 211, 217 (2d Cir. 2006) (internal citation and quotation marks omitted).

The district court did not abuse its discretion in ruling that the risk of prejudice outweighed the probative value of admitting Ingram's alleged confession.  Grecco argues that the frightening confession impacted his state of mind, but this does not explain his statements to Wyckoff or his false statements to the police.  Moreover, Ingram testified twice at trial and was cross-examined by defense counsel, who never (understandably) asked about the alleged confession.

As to prejudice, the alleged confession was made by a knowledgeable declarant (Ingram) and thus was likely to prejudice the jury; the declarant testified at trial and was never questioned about the confession; and curative instructions would have been unlikely to protect against prejudice.  Therefore, the district court did not abuse its discretion in refusing to admit Ingram's alleged confession.

**3.**  In its closing argument, the government observed that the jurors may not be able to remember every bit of the opening statement.  Afterward, eight jurors waiting for an elevator discussed the observation.  After individually questioning all twelve jurors, the district court determined that no substantive matters were discussed, and that the jury could proceed fairly and impartially.  Grecco argues on appeal that the district court's investigation of

6

the misconduct was insufficient and prejudicial because the court did not inquire if there were other instances of misconduct.

"A district court's investigation of juror misconduct or bias is a delicate and complex task." United States v. Cox, 324 F.3d 77, 86 (2d Cir. 2003) (internal citation and quotation marks omitted). The district court therefore "has broad flexibility in such matters, especially when the alleged prejudice results from statements made by the jurors themselves, and not from media publicity or other outside influences." Id. (internal citation and quotation marks omitted). We review the district court's handling of juror misconduct for abuse of discretion. Id.

Grecco waived any challenge to the district court's handling of the juror misconduct. At the conclusion of the district court's questioning of the jurors, defense counsel was asked if there were any further inquiries they wanted made, and defense counsel stated "[n]o other inquiries requested." Joint App'x at 1435. Next, after the district court recited its factual findings, the court again inquired if there were any objections, and none were raised by Grecco. Grecco therefore waived any challenge to the district court's handling of the juror misconduct. See United States v. Peterson, 385 F.3d 127, 138 (2d Cir. 2004).

**4.** Grecco's final argument is that the total effect of the errors appealed from cast the fairness of his trial in doubt. The cumulative error doctrine is inapplicable here because we have concluded that the district court committed, at most, one error in admitting the autopsy report. See United States v. Al-Moayad, 545 F.3d 139, 178 (2d Cir. 2008). Even assuming, however, that the court committed more than one error--a conclusion we have not reached--the errors "in the aggregate" did not "deprive[] [Greco] of a fair trial." Id.

Accordingly, the appeal of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7